UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**
**OCT 10 2007**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CIV06-4060 |
| Plaintiff, | \* | |
| v. | \* | MEMORANDUM OPINION AND GARNISHEE ORDER |
| EDITH M. MAYES, | \* | |
| Defendant, | \* | |
| and | \* | |
| WESTERN OIL, INC., VALENTINE, NE, and its successors or assigns, | \* | |
| Garnishee. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

A Writ of Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer on August 30, 2007, stating that at the time of the service of the Writ they had, in their possession or under their control, personal property belonging to and due defendant, and that garnishee was indebted to defendant in the sum of $588.56 for the defendant's semi-monthly net salary. The Garnishee further indicated in their answer that there was a previous garnishment in effect at the time they were served with the writ of garnishment for $139.75 per pay period. On August 24, 2007, the defendant was notified of the right to a hearing and has not requested a hearing to determine exempt property.

The United States has requested, as part of this garnishment, that it recover a surcharge of ten percent (10%) of the amount of the current outstanding debt, or $2,714.55, pursuant to 28 U.S.C. § 3011(a). 28 U.S.C. § 3011(a) provides:

> (a) Surcharge authorized.--In an action or proceeding under subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this

chapter of the claim for such debt.
(b) Limitation.--Subsection (a) shall not apply if--
(1) the United States receives an attorney's fee in connection with the enforcement of the claim; or
(2) the law pursuant to which the action on the claim is based provides any other amount to cover such costs.

In addition, 28 U.S.C.A. § 3013 provides for equitable supervision of all creditor remedies under Federal Debt Collection Procedures Act. *See Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 147 F.R.D. 66 (S.D.N.Y. 1993). 28 U.S.C.A. § 3013 states: "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." The underlying action in this garnishment action is a false claims act action for failure to report actual earnings when obtaining low-income rental assistance under the USDA Rural Housing Service. Although the Government paid out $6,442.00 in unauthorized rental assistance and lost $1,860.00 in surcharges for a total actual loss of $8,302.00, the default judgment is in the amount of $24,906.00 due to the treble damages provision of 31 U.S.C. § 3729. In addition the clerk assessed costs in the false claims action in the amount of $727.48. Given the facts of this case the Court does not believe it would be equitable to impose the requested surcharge of $2,714.55, and the same will be denied.

Pursuant to 28 U.S.C. §3205(c)(7) and 15 U.S.C. §1673(a)(1),

**IT IS ORDERED** that Garnishee, and its successors or assigns, pay to the plaintiff twenty-five percent (25%) of the defendant's semi-monthly net salary that remains after first deducting the pre-existing garnishment which it has previously withheld since service of the Writ.

**IT IS FURTHER ORDERED** that Garnishee, and its successors or assigns, pay to the plaintiff twenty-five percent (25%) of the defendant's future semi-monthly net salary that remains after first deducting the pre-existing garnishment until such time that the pre-existing garnishment is paid in full. The Garnishee shall then pay twenty-five percent (25%) of the defendant's semi-monthly net salary to the plaintiff in this matter. At that point, the amount to be paid to the plaintiff at defendant's current salary level would be a semi-monthly

sum of $147.14, said amount to be increased or decreased by the garnishee in equal proportion to any increase or decrease in the defendant's salary without further order of this Court. Payments should be made payable to the Department of Justice and mailed to the U.S. Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 3303, Sioux Falls, South Dakota 57101-3303, unless directed otherwise by the U.S. Attorney's Office.

**IT IS FURTHER ORDERED** that the garnishee, and its successors or assigns, continue said payments until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the debtor or until further order of this Court.

**IT IS FURTHER ORDERED** that the United States' request to recover as part of this garnishment a surcharge of $2,714.55, ten percent (10%) of the amount of the current outstanding debt, is denied..

Dated this 10th day of October, 2007.

BY THE COURT:

Lawrence L. Piersol  
United States District Judge

ATTEST:  
JOSEPH HAAS, CLERK  
BY: Sharon Knudson  
(SEAL)    DEPUTY

3